# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  November 20, 2015)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| JABARI WALKER, | * | |
| | * | No. 13-968V |
| Petitioner, | * | |
| | * | Special Master Roth |
| | * | |
| | * | Interim Costs; human papillomavirus |
| SECRETARY OF HEALTH | * | ("HPV") Vaccine; Weakness; |
| AND HUMAN SERVICES, | * | Viral Myositis; Rhabdomyolysis. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Howard S. Gold, Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
Gordon E. Shemin, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 9, 2013, Jabari Walker ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleges that he suffered from weakness, viral myositis, and rhabdomyolysis as a result of receiving a human papillomavirus ("HPV") vaccination on November 27, 2012. *See* Petition at 1.  On August 29, 2014, respondent filed a Rule 4(c) Report recommending against compensation.  A hearing is set for May 12, 2016 in this case.

On November 19, 2015, the parties filed a stipulation concerning an award of interim attorneys' fees and costs.  The parties stipulate to a total award of interim attorneys' fees and costs in the amount of $18,112.50.  Stip. for Fees at ¶ 4. Under the circumstances in this case,

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the entire decision will be available to the public.  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

respondent does not object to this amount. *Id.* at ¶ 5.

   The Vaccine Act permits an award of interim attorneys' fees and costs. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *see also* 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioners' request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of interim attorneys' fees and costs.

   Accordingly, an award should be made as follows:

   **in the form of a check jointly payable to petitioner and to petitioner's attorney, Howard S. Gold, of Gold Law Firm, LLC, in the amount of $18,112.50.**

   In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

  **IT IS SO ORDERED.**

             **s/Mindy Michaels Roth**
             Mindy Michaels Roth
             Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.